23-7806-cr
United States v. Griswold

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-four.

PRESENT:   PIERRE N. LEVAL,
                     DENNY CHIN,
                     RAYMOND J. LOHIER, JR.,
                            *Circuit Judges.*

-------------------------------------------------------------------
UNITED STATES OF AMERICA,

                     *Appellee*,

          v.                                                                 No. 23-7806-cr

MICHAEL GRISWOLD,

                     *Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:                           Melissa A. Tuohey, Assistant
                                         Federal Public Defender, Office
                                         of the Federal Public Defender
                                         for the Northern District of
                                         New York, Syracuse, NY

FOR APPELLEE:                            Joshua Rothenberg, Assistant
                                         United States Attorney, *for*
                                         Carla B. Freedman, United
                                         States Attorney for the
                                         Northern District of New York,
                                         Syracuse, NY

Appeal from a judgment of the United States District Court for the

Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Michael Griswold appeals from a November 28, 2023

judgment of the United States District Court for the Northern District of New

York (Suddaby, *J.*) convicting him, following a guilty plea, of possession with

intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(A).   The District Court sentenced Griswold principally to 151 months'

imprisonment.   On appeal, Griswold challenges his sentence as both

procedurally and substantively unreasonable.   We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to

2

which we refer only as necessary to explain our decision to affirm.

## I.     Procedural Reasonableness Challenge

We begin with Griswold's challenge to the procedural reasonableness of his sentence, which we review under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).   The District Court increased Griswold's offense level by two levels because it found that Griswold had "maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12); *see also id.* § 2D1.1 cmt. n.17 ("Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises.").   Griswold contends that this was error for two reasons.

First, Griswold argues that the District Court failed to consider the factors relevant to determining whether an enhancement under § 2D1.1(b)(12) is appropriate.   We disagree.   To determine whether § 2D1.1(b)(12) applies, a district court must consider the "totality of the circumstances," *United States v. Vinales*, 78 F.4th 550, 552–53 (2d Cir. 2023), including factors such as "(i) the

3

frequency and number of drug sales occurring at the home, (ii) the quantities of drugs bought, sold, manufactured, or stored in the home, (iii) whether drug proceeds, employees, customers, and tools of the drug trade . . . [were] present in the home, and (iv) the significance of the premises to the drug venture," *United States v. Esteras*, 102 F.4th 98, 105 (2d Cir. 2024) (quotation marks omitted). "[N]o specific verbal formulations" are necessary to "demonstrate the adequate discharge of the duty to 'consider' matters relevant to" § 2D1.1(b)(12). *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005). Here, the District Court adopted the Presentence Investigation Report and generally explained its reasons for the enhancement. Nothing in the record before us indicates that in doing so, the District Court misunderstood, incorrectly applied, or otherwise failed to consider the factors under § 2D1.1(b)(12). The District Court's consideration of the relevant factors under § 2D1.1(b)(12) was thus sufficient.

Second, Griswold contends that there was an inadequate factual basis for the enhancement because two of the five controlled buy transactions (during the weeks of August 15 and September 5, 2022) did not necessarily occur inside his home and two others (during the weeks of August 22 and October 31, 2022) did

4

not necessarily involve drugs.[1] We again disagree. Griswold concedes that one of the transactions (during the week of September 19, 2022) supports the District Court's finding that Griswold distributed drugs from his home. As to the other four, "[a] sentencing court, like a jury, may base its factfinding on circumstantial evidence and on reasonable inferences drawn therefrom." *United States v. Solis*, 18 F.4th 395, 404 (2d Cir. 2021) (quotation marks omitted). The District Court did not clearly err when it found that the transactions during the weeks of August 15 and September 5, 2022 occurred in Griswold's home. On each date, Griswold and a confidential source ("CS") were surveilled entering Griswold's home together, and the CS departed the home a short time later with a bag of methamphetamine. Nor did the court err in finding that the transactions during the weeks of August 22 and October 31, 2022 involved methamphetamine, which was confirmed by recorded conversations between the CS and Griswold (for the first transaction), as well as by surveillance and field tests of the substance that Griswold sold to the CS (for both transactions). *See United States v. Flores*, 945 F.3d 687, 707 (2d Cir. 2019) (explaining that reports of

---

[1] Another controlled buy transaction occurred during the week of August 8, 2022 away from Griswold's home.

chemical analysis are not required to support a conviction for possession of a controlled substance); *United States v. Bryce*, 208 F.3d 346, 353 (2d Cir. 1999) ("A defendant may be convicted of narcotics possession if some evidence — direct, circumstantial, or otherwise — establishes the defendant's possession of the illegal substance.").   During a search of Griswold's home, moreover, agents found "tools of the drug trade," *Esteras*, 102 F.4th at 106 (quotation marks omitted), including packaging equipment stored with drugs and $7,050 in cash.

Further, any potential error in applying the enhancement would have been harmless because the District Court clearly stated it would have imposed the same sentence regardless of whether the enhancement applied.   For these reasons, we reject Griswold's challenge to the procedural reasonableness of his sentence.

## II.    Substantive Reasonableness Challenge

We turn next to Griswold's substantive reasonableness challenge, reviewing for abuse of discretion.   *See United States v. Rigas*, 583 F.3d 108, 121–22 (2d Cir. 2009).

Griswold first contends that the District Court should not have applied § 2D1.1(c)(5) of the Guidelines because it improperly relies on the purity of the

6

methamphetamine at issue (based on either the mixture's total weight or the pure drug's weight within the mixture) to determine the appropriate offense level. Although we have acknowledged the potential for the Guidelines to produce substantively unreasonable sentences, "[w]e have never held that a district court is required to reject an applicable Guideline." *United States v. Salim*, 690 F.3d 115, 126 (2d Cir. 2012). "At most, the judge may give a non-Guidelines sentence where she disagrees with the weight the Guidelines assign to a factor." *Id.* Nor is a district court required to explain its reasoning for rejecting a challenge to the merits of a Guidelines provision. *See United States v. Thomas*, 628 F.3d 64, 72 (2d Cir. 2010). So the District Court's application of § 2D1.1(c)(5) was not unreasonable.

Second, Griswold challenges the weight the District Court assigned to his criminal history relative to other factors under 18 U.S.C. § 3553(a). "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, . . . with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). We cannot say that the

District Court exceeded the "range of permissible decisions," *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015) (quotation marks omitted), when it determined that "a lengthy sentence [was] warranted based on [Griswold]'s conduct which involved the distribution of large quantities of methamphetamine, and his significant criminal history," App'x 100.

For these reasons, we reject Griswold's challenge to his sentence as substantively unreasonable.

## CONCLUSION

We have considered Griswold's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court